IN THE COURT OF COMMON PLEAS OF FRANKLIN COUNTY, OHIO

| | | |
|---|---|---|
| **JEANNIE L. SMITH** | : | CASE NO. |
| 1542 Metcalfe Avenue | | |
| Obetz, OH 43207, | : | JUDGE |
| | | |
| Plaintiff, | : | |
| | | |
| v. | : | |
| | | |
| **A. C. WRIGHT TRUCKING INC.** | : | |
| c/o Daniel P. Cavanaugh | | |
| 89 W. Martin St. PO Box 2 E | : | |
| Palenstine, OH 44413 | | |
| | : | |
| And | | |
| | : | |
| **KEVER M. SAGELY** | | |
| 19 CR 118 | : | |
| Tishomingo, MS 38873, | | |
| | : | |
| Defendants. | | |

## COMPLAINT

**NOW COMES** the Plaintiff, Jeannie L. Smith, by counsel, Travis T. Mohler, who, for her Complaint, aver and allege the following:

## OVERVIEW

Defendant A. C. Wright Trucking, Inc., hired truck driver Defendant Kever M. Sagely, to transport goods in a tractor trailer on the public roadways. On the date of the subject collision, Defendant Sagely was operating a 2016 Freightliner Coronado Tractor-Trailer (the "Subject Tractor-Trailer") on Interstate 71 ("I-71") heading southbound in the City of Columbus, Franklin County, Ohio, north of the East Spring Street exit. Defendant Sagely was driving recklessly when he struck Plaintiff's vehicle from behind. The force of the impact caused Plaintiff's vehicle to strike the vehicle in front of her.

EXHIBIT A

For causing this crash, Defendant Sagely, driving on behalf of A. C. Wright Trucking, Inc., was cited for failing to maintain an assured clear distance ahead (O.R.C. §2133.03(A)) from Ms. Smith's vehicle. Defendant Sagely plead guilty to those charges. Ms. Smith suffered serious and permanent injuries as a result of the crash.

## JURISDICTION AND VENUE

1. Plaintiff, Jeannie L. Smith is a resident of the State of Ohio and, at all relevant times, lives in Obetz, Franklin County, Ohio.

2. Defendant A. C. Wright Trucking Inc. is a for-profit corporation organized under the laws of the State of Mississippi. Defendant A. C. Wright Trucking Inc. conducts business, transports goods for-hire and caused tortious injury in the State of Ohio. Defendant A. C. Wright Trucking Inc. has designated Daniel P. Cavanaugh, 89 W. Martin St. PO Box 2 E, Palenstine, Ohio 44413 as its agent for service of process in the State of Ohio under 49 C.F.R. § 366. Defendant A. C. Wright Trucking Inc. is an Interstate, for-hire motor carrier registered with the Federal Motor Carrier Safety Administration (USDOT No. 128659 and MC No. MC-140835).

3. Defendant Kever M. Sagely is a resident and citizen of the State of Mississippi and may be served with process at 19 CR 118, Tishomingo, Mississippi, 38873. At the time of the subject collision, Defendant Sagely was an agent or employee of Defendant A. C. Wright Trucking Inc. pursuant to Ohio law and § 390.5, 390.21, 376.11 and 376.12 of the Federal Motor Carrier Safety Regulations (hereinafter, "FMCSRs") and was operating the Tractor-Trailer within the course and scope of this agency or employment.

4. The crash which gives rise to this Civil Action occurred on Interstate 71 southbound in Franklin County, Ohio.

5. The claims set forth herein arose from the Defendants' transacting business in the State of Ohio and causing tortious injury in the State of Ohio, including, but not limited to, the claims arising out of the ownership, operation, or use of a motor vehicle in this state.

6. Therefore, the Court of Common Pleas of Franklin County, Ohio, has appropriate jurisdiction and venue over this Civil Action pursuant to Rules 3(C)(7) and 4.3 of the Ohio Rules of Civil Procedure.

## BACKGROUND FACTS

7. All allegations and statements contained above are incorporated by reference as if restated herein verbatim.

8. At all relevant times, Defendant A. C. Wright Trucking Inc. employs Defendant Sagely to operate Defendant A. C. Wright Trucking Inc.'s large tractor-trailers in the transporting of these goods.

9. On the date of the subject crash, Defendant Sagely was hauling these goods for Defendant A. C. Wright Trucking Inc. within the course and scope of his employment.

10. At all relevant times, the subject Tractor-Trailer consisted of a 2016 Coronado Freightliner owned by Defendant A. C. Wright Trucking Inc. The subject load was being hauled by Defendant A. C. Wright Trucking Inc.

11. The cargo on the subject load was dangerously loaded and improperly secured so as to effect the operation and safety the Subject Tractor-Trailer.

12. Pursuant to 49 C.F.R. §390.21, the subject Tractor-Trailer being driven by Defendant Sagely was marked with Defendant A. C. Wright Trucking Inc., logo, and the USDOT number issued to Defendant A. C. Wright Trucking Inc. by the Federal Motor Carrier Safety Administration ("FMCSA") – USDOT No. 128659. The markings on the Subject Tractor-Trailer

3

identified Defendant A. C. Wright Trucking Inc. as the motor carrier operating the Subject Tractor-Trailer at the time of the Subject Crash.

13. The Subject Tractor-Trailer had a Gross Vehicle Weight Rating ("GVWR") greater than twenty-six thousand and one (26,001) pounds.

14. The Subject Tractor-Trailer is a commercial motor vehicle ("CMV") as that term is defined under state and federal laws.

15. On the date and time of the subject crash, Defendant Sagely was operating the Subject Tractor-Trailer heading southbound in the second lane of I-71 in Franklin County, Ohio, north of the East Spring Street exit.

16. On this same date and time, Plaintiff was operating her vehicle heading southbound in the second lane of I-71, north of the East Spring Street exit.

17. As the Plaintiff and Defendant's vehicles were both traveling southbound on I-71, Defendant Sagely suddenly, and without reason, slammed into the rear of Plaintiff's vehicle, impacting the rear of the Plaintiff's vehicle.

18. This impact sent the Plaintiff's vehicle smashing into the vehicle in front of Plaintiff.

19. Because the cargo on the flat bed trailer that was being hauled by Defendant Sagely was improperly secured, it became dislodged by Defendant Sagely's hard braking and impact of the Plaintiff's vehicle, causing the bundles of pipes to come loose and slam through the cab of the Subject Tractor-Trailer and otherwise fall off of the flatbed trailer.

20. The negligent and reckless actions of Defendant Sagely occurred in a work zone when workers were present wherein Defendant Sagely should have been exercising extreme caution for the safety of those around him.

4

21. Following the crash, the Columbus Police Department was dispatched to the scene to investigate the facts and circumstances surrounding the crash and cited Defendant Sagely for reckless operation and assured clear distance ahead. Defendant Sagely plead guilty to the charge of assured clear distance ahead Franklin County Municipal Court, Case No. 2020 TRD 118591.

22. As a direct and proximate cause of Defendants' negligent and reckless conduct, the Plaintiff suffered serious injuries and other damages.

**COUNT I – NEGLIGENCE AND RECKLESSN███████████████GELY**

23. All facts and allegations above are incorporated herein by reference as if restated verbatim.

24. Defendant Sagely had the duties of: using reasonable care to operate the Subject Tractor-Trailer; maintaining a proper lookout; keeping the Subject Tractor-Trailer under proper control; operating the Subject Tractor-Trailer in a safe manner; operating the Subject Tractor-Trailer in conformity with all pertinent safe driving procedures and regulations; refraining from striking other vehicles; and operating the Subject Tractor-Trailer so as to avoid endangering the safety and lives of others.

25. Defendant Sagely also had a duty to properly secure his load, to periodically inspect his load during transit, and to refrain from operating the Subject Tractor-Trailer on the public roadways if its load was not properly secured.

26. Defendant Sagely breached each of these duties by his actions on April 14, 2020, when he caused the Subject Tractor-Trailer to strike the Plaintiff's vehicle from behind, by failing to properly secure his load, by failing to properly inspect his load, and by operating the Subject Tractor-Trailer when he knew or should have known that its load was not properly secured.

27. The actions of Defendant Sagely constitute recklessness and/or wanton negligence.

5

28. The actions of Defendant Sagely were so reckless that they constitute a conscious and willful disregard for the life and safety of others, including the Plaintiff.

29. As a direct and proximate result of Defendant Sagely's negligence, gross negligence, recklessness, and wanton negligence, the Plaintiff suffered serious and permanent injuries, including a permanent and substantial physical deformity and other damages.

**COUNT II – VICARIOUS LIABILITY AGAINST A. C. WRIGHT TRUCKING INC.**

30. All facts and allegations previously alleged in this Complaint are incorporated as if set forth herein verbatim.

31. Defendant A. C. Wright Trucking Inc. was the motor carrier for the load that was being driven by Defendant Sagely and Defendant A. C. Wright Trucking Inc. had retained the right of control over Defendant Sagely at all relevant times.

32. At all relevant times, Defendant Sagely had a master-servant relationship with Defendant A. C. Wright Trucking Inc.

33. The negligence, gross negligence, recklessness, and wanton negligence of Defendant Sagely, as set forth in Count I above, were committed within the course and scope of his employment and/or agency with Defendant A. C. Wright Trucking Inc.

34. As employer or principal of Defendant Sagely, Defendant A. C. Wright Trucking Inc. is vicariously liable for the negligence, gross negligence, and/or wanton negligence of Defendant Sagely and the damages proximately caused by his actions or inactions.

35. Defendant A. C. Wright Trucking Inc. is also vicariously liable for the Subject Crash and the actions of Defendant Sagely as the motor carrier for the load that Defendant Sagely was hauling, and a statutory employer of Defendant Sagely, under FMCSA regulations and/or any leasing arrangements made between the parties.

## COUNT III – DIRECT NEGLIGENCE AGAINST DEFENDANT A. C. WRIGHT TRUCKING INC.

36. The facts and allegations above are incorporated herein by reference as if restated verbatim.

37. Defendant A. C. Wright Trucking Inc. is in the business of hauling cargo and goods for-hire over the public roadways of the United States in interstate commerce.

38. The hauling of cargo and goods for-hire in large tractor-trailers is an activity in which Defendant A. C. Wright Trucking Inc. could not legally engage without first obtaining a franchise and authority from the FMCSA.

39. To legally carry out its business, Defendant A. C. Wright Trucking Inc. was required to and did obtain a franchise and operating authority from the FMCSA.

40. The operation of large tractor-trailers – like the Subject Tractor-Trailer operated by Defendant Sagely – which, when loaded, can weigh upwards of 80,000 pounds, over public highways alongside the motoring public is an inherently dangerous activity and creates an unreasonable risk of harm to other motorists on the public roadways, including Plaintiff.

41. Pursuant to Ohio law and the FMCSRs, including 49 C.F.R. § 390.11, Defendant A. C. Wright Trucking Inc., as the motor carrier for the subject load, had a non-delegable duty to assure that the load was transported in a reasonably safe manner, including compliance with all applicable traffic laws, ordinances, regulations, and other reasonable safety requirements.

42. On or about April 14, 2020, Defendant A. C. Wright Trucking Inc., through its agents, servants, and/or contractors, breached the duties owed to the Ohio public and Plaintiff, specifically through the negligent and reckless conduct of its hired driver, Defendant Sagely, set forth above.

7

43. As a direct and proximate result of Defendant Sagely's negligence, gross negligence, recklessness, and wanton negligence, the Plaintiff suffered serious and permanent injuries, including a permanent and substantial physical deformity and other damages.

WHEREFORE, Plaintiff, Jeannie L. Smith, demand judgment against Defendant A. C. Wright Trucking Inc., and Kever Sagely, jointly and severally, for an amount that will fully, fairly, and reasonably compensate the Plaintiff for her injuries and other damages, as follows:

a. Past and future pain and suffering;

b. Past and future emotional distress, mental anguish, loss of enjoyment of life,

c. Past and future loss of ability to function as a whole person,

d. Past and future medical bills,

e. Punitive and exemplary damage,

f. Pre- and post-judgment interest,

g. Attorneys' fees,

h. All other such damages in an amount to be determined by the Jury upon proper proof presented at trial,

i. Such other general or specific relief as may be shown by the evidence in this case.

**A TRIAL BY JURY IS DEMANDED ON ALL ISSUES SO TRIABLE.**

Respectfully submitted,

*/s/ Travis T. Mohler*
Travis T. Mohler (0083365)
Colombo Law
4016 Townsfair Way, Suite 210
Columbus, Ohio 43219
Phone: (614) 362-7000
Fax: (614) 547-6562
travism@colombolaw.com
*Counsel for Plaintiff*

8